IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00025-PAB

ANDREW BACHANOV, on behalf of himself and others similarly situated,

Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff's Class Action Complaint [Docket No. 1].

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S.

694, 702 (1982) ( citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

The complaint does not contain a "short and plain statement of the grounds for the court's jurisdiction," as required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(1).  While plaintiff's civil cover sheet states that the basis of jurisdiction is diversity, Docket No. 1-1 at 1, the cover sheet is not a "pleading that states a claim for relief" under Rule 8.  Fed. R. Civ. P. 8(a).  Moreover, plaintiff asserts that the Court has "personal jurisdiction over Defendant under 28 U.S.[C]. § 1332."  Docket No. 1 at 2, ¶ 3.  This allegation does not establish diversity jurisdiction, given that § 1332 has to do with the parties' citizenship, not whether the Court has personal jurisdiction over the defendant.  *See* 28 U.S.C. § 1332.

Presumably, plaintiff seeks to establish the Court's jurisdiction through the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiff states that he brings this case as a Rule 23 class action.  Docket No. 1 at 4, ¶ 18.  CAFA governs class actions "filed under rule 23 of the Federal Rules of Civil Procedure."  28 U.S.C. § 1332(d)(1)(B).  According to § 1332(d), which codifies CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . .

2

any member of a class of plaintiffs is a citizen of a State different from any defendant."

Plaintiff brings this purported class action on behalf of "[a]ll current or former local FedEx drivers who operated trucks with a gross vehicle weight rating of 10,001 pounds of greater and were not compensated for all overtime worked within the applicable statute of limitations."  Docket No. 1 at 4, ¶ 18.  Given that both claims for relief are based on Colorado state wage laws, *id.* at 1, 4, 6-7, the class appears to be limited to those drivers subject to such state laws.

There are three prerequisites to subject matter jurisdiction under CAFA: (1) minimal diversity between plaintiffs and defendants; (2) at least 100 plaintiffs in the class; and (3) an amount in controversy that exceeds $5,000,000.  *Foley v. Cordillera Golf Club, LLC*, No. 12-cv-0351-WJM-KMT, 2012 WL 1144856, at *3 (D. Colo. April 5, 2012).  The Court addresses each of these in turn.

First, minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Plaintiff alleges that he is an "individual and resident of the State of Colorado" and that "FedEx is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania."  Docket No. 1 at 1-2, ¶¶ 1-2.  Although these allegations are sufficient as to defendant, they are deficient as to plaintiff.  For individuals, "citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is

3

not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")

As to the second CAFA jurisdictional requirement, § 1332(d)(5)(B) states that federal jurisdiction shall not attach when "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Plaintiff has sufficiently alleged that the class "exceeds 300." Docket No. 1 at 5, ¶ 19a.

As to the third CAFA jurisdictional requirement, the plaintiff has alleged "an amount to be determined at trial." *Id.* at 7, ¶ 25. The plaintiff has thus failed to allege an amount in controversy that would give the Court subject matter jurisdiction.

Because the allegations are presently insufficient to allow the Court to determine if minimal diversity exists and whether the amount in controversy exceeds the jurisdictional threshold, plaintiff has failed to establish that the Court has jurisdiction under CAFA. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)). Therefore, it is

**ORDERED** that, on or before **January 30, 2020**, plaintiff Andrew Bachanov shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED January 24, 2020.

BY THE COURT:

 S/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge